# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**SUSAN PLUMMER**

VS.

**SOUTHWEST AIRLINES CO.**

Case No.:

FILED BY JAO D.C.

MAY 23 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

***COMES NOW***, by and through undersigned counsel, Plaintiff, Susan Plummer, sues defendant, Southwest Airlines Co., hereinafter referred to as Defendant, and alleges the following:

## INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination and harassment based on race, against the Defendant. The suit is brought to seek a declaratory judgment that Defendant has engaged in a systemic pattern and practice of racial discrimination in employment opportunities and practice and to secure damages, along with the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and the Florida Civil Rights Act of 1992, Florida Statue 760, which provide for relief against discrimination and harassment in employment on the basis of race related thereto. Specifically, Plaintiff, Susan Plummer, by and through undersigned counsel, brings this action against Defendant, Southwest Airlines Co., a public body corporate of Florida, for violation of federal and state law.

## JURISDICTION

2). This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., 28 U.S. Code § 1367, and the Florida Civil Rights act of 1992, Florida Statue §760. The employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, which is within the jurisdiction of the Southern District of Florida.

3). On November 2017 Plaintiff filed a charge of discrimination with the (Equal Opportunity Employment Commission EEOC), for employment discrimination which is the prerequisite for bringing Title VII actions in Federal Court.

4). On February 22, 2019 the Equal Opportunity Employment Commission EEOC) issued Plaintiff a right to sue letter giving him 90 days to file his suit in state or federal court.

5). The right to sue letter accompanies this complaint as Exhibit 1.

6). On May 22, 2019, and within the 90 days, Plaintiff filed this suit against the Defendant.

7). Plaintiff Susan Plummer has fulfilled all conditions precedent to the institution of this action and have obtained Notices of Right to Sue.

## VENUE

8). Venue is proper under 28 U.S.C. § 1391(a) because the Defendant conducts business in the state of Florida and Plaintiff lives in the Southern District of Florida.

## PARTIES

9). Susan Plummer, Plaintiff, is an African-American, male who resides in the Southern District of Florida, and as such is a member of a protected class.

10). At all times, SOUTHWEST AIRLINES CO., is/was a Corporation authorized to conduct business in the State of Florida, and at all times relevant hereto had more than 150 employees.

## FACTS

11). Plaintiff is a thirty-five year old African-American Female, and as such is a member of a protected class.

12). Plaintiff began employment with the Defendant as a ground handler in March 2017 and maintained steady employment until August 2017.

13). Plaintiff worked for the Defendant until August 3, 2017 where I was fired for activities that I had nothing to do with.

14). Plaintiff was fired for not showing up at work for someone else's shift but she never agreed to cover the worker's shift.

15). Plaintiff was fired when the person who actually forged the shift swap ticket was not fired and she was not African American.

16). Plaintiff was treated very badly by the management during this time at the job until things got to the point where it became unbearable.

17). Plaintiff fees that she was treated differently because of her race.

## COUNT ONE
## SOUTHWEST AIRLINES CO. TITLE VII OF THE CIVIL RIGHTS ACT 1964
## RACE DISCRIMINATION

Plaintiff incorporates paragraph 1 through 17 as if incorporated verbatim, herein.

18). Plaintiff is a thirty four year old African-American female, as such is a member of a protected class.

19). Plaintiff was qualified for the position of ground handler at Southwest Airlines.

20). Plaintiff was performing her job adequately and was meeting her Employer's expectations when she was fired from her job.

21). The individual that that caused the confusion by forging documentation was treated differently as she was not of African American and was not fired.

**WHEREFORE**, Plaintiff, Susan Plummer, respectfully requests that this court order the following:

a). Grant Compensatory damages.
b). Pain and suffering.
c). Costs and reasonable attorney's Fees.
d). Reinstatement
e). Any other relief the court may deem appropriate

## COUNT TWO
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## NATIONAL ORIGIN

Plaintiff incorporates paragraph 1 through 30 as if incorporated verbatim, herein.

22). Plaintiff is a member of a Jamaican American and as such is a member of a protected class.

23). Plaintiff was fired from her position as a ground handler after another employee forged a leave slip and signed Plaintiff's name to it and both wounded being a no-show for work.

4

24). Plaintiff was not scheduled to work on the day in question nor did she volunteer to work for any other employee on that day.

25). Plaintiff who is Jamaican American was fired but the individual that forged the leave slip and did not come to work was not fired and was not Jamaican or African-American. It is believed that she is not a member of a protected class.

26.) Plaintiff feels that she was fired because of his Jamaican-American origin. She was the only one fired in this incident. The person responsible for the no show at work was not and majority of the employee and management are not.

**WHEREFORE**, Plaintiff, SUSAN PLUMMER, respectfully requests that this court order the following:

  a). Grant Compensatory damages.
  b). Pain and suffering.
  c). Costs and reasonable attorney Fees.
  d). Reinstatement
  e). Any other relief the court may deem appropriate

## COUNT THREE
## TITLE VII OF THE CIVIL RIGHTS ACT 1964
## HOSTILE WORK ENVIRONMENT

**Plaintiff incorporates paragraph 1 through 30 as if incorporated verbatim, herein.**

27). Defendant violated Title VII in the workplace as t was permeated with discriminatory intimidation and insult that altered the conditions of Plaintiff's employment.

28). Plaintiff was yelled and screamed at for trying to explain to supervisors that she did not fill out a form stating that she would work for another employee. This treatment went on for approximately two months.

29). There was no action taken against the person that initiated the firing even though she was the person that filled out the leave slip.

30). Plaintiff's employment was altered to the point where she was fired because of the actions of another employee who was not Jamaican or African-American.

31). Plaintiff's conduct was such that it seriously affected Plaintiff's psychological well-being.

32). Defendant's discriminatory practices not only caused Plaintiff to lose her employment, she and her children was also evicted from her home and her belongings were put in the street. She lost everything that she had been working for.

**WHEREFORE**, Plaintiff, SUSAN PLUMMER, respectfully requests that this court order the following:

    a). Grant Compensatory damages.
    b). Pain and suffering.
    c). Costs and reasonable attorney Fees.
    d). Reinstatement
    e). Any other relief the court may deem appropriate

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by jury.

### CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a copy of the foregoing was furnished by electronic delivery hand delivery this 22nd day of May 2019.

/s/ *Susan Plummer*
Susan Plummer
19022 N.W. 27th Avenue,
17325 N.W. 27th Avenue
Apt. 112
Suite 103
Miami, Florida 33056
Tel: 954 (248) 8685
Susanplummer125@gmail.com